IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-392-RJC-DSC

PHILIP T. BONEY, )
 )
      Plaintiff, )
 )
v. )
 )
NORTH CAROLINA DEPARTMENT )
OF CORRECTIONS, and )
DONNIE EDWARDS, )
 )
      Defendants. )
_____)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant Department of Correction's Motion to Dismiss for Insufficient Process and Service of Process" (document #12) and "Defendant Donnie Edwards' Motion to Dismiss" (document #13), both filed November 2, 2010. Plaintiff's responses to those Motions were due on or before November 19, 2010, but Plaintiff failed to file timely responses.

On November 29, 2010, attempting to give pro se Plaintiff every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause" (document #14). The Court ordered the Plaintiff "[o]n or before December 31, 2010 ...[to] **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Document #14 at 2 (emphasis in original).

On December 29, 2010, Plaintiff mailed a document labeled "Cause of Action" (document #15) which was received in the Clerk's office on December 31, 2010, but not docketed until January

3, 2011. Clerk's office staff docketed the document as a "Response to the Order to Show Cause." (document #15).

On January 13, 2011, Defendants filed a joint "Reply ..." in support of their Motions. See Document #16.

This is an action to recover punitive damages for unlawful employment discrimination based on race and gender in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII").

Relevant to the subject Motions, and accepting the factual allegations of the Complaint as true, Plaintiff is employed by Defendant North Carolina Department of Correction ("NCDOC") as a correctional officer at Lanesboro Correctional Institution in Polkton, North Carolina. Defendant Edwards is identified in the Complaint as Plaintiff's supervisor.

Defendant NCDOC is an agency of the State of North Carolina. Federal Rule of Civil Procedure 4 (j) requires service of the summons and complaint against a state agency either on the chief executive officer of the government agency or by the method prescribed by state law. Under North Carolina law, service upon a State of North Carolina agency occurs by serving that State agency's designated process agent. N.C. Gen. Stat. 1A-1, Rule 4 (j)(4). For Defendant NCDOC, Secretary of Correction Alvin Keller, Jr. is its chief executive officer and LaVee Hamer, NCDOC general counsel, is its designated process agent. See NCDOC website http://www.doc.state.nc.us/admin/index.htm (noting that Alvin Keller, Jr. is the current Secretary of Correction and that his work address is 214 West Jones Street, Raleigh, NC 27602). See also North Carolina Department of Justice website http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx (noting that Ms. Hamer is the process agent for the NCDOC and that her work address is 214 West Jones Street, Raleigh, NC 27602).

Plaintiff had a summons issued for Defendant NCDOC on October 5, 2010. However, that Summons was not addressed to either Secretary Keller or Ms. Hamer. More importantly, that summons has not been served (along with the Complaint) on either Secretary Keller or Ms. Hamer. Accordingly, the Plaintiff has not properly served the NCDOC in this action.

It is well settled that North Carolina law requires strict compliance with the service of process statutes, even where it is clear, as here, that a defendant has received actual notice of the action. See, e.g., Philpott v. Kerns, 285 N.C. 225, 228, 203 S.E.2d 778, 780 (1974) (actual notice not a substitute for valid service in accordance with the statute); Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005) (same); Greenup v. Register, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991) (service of process statute "must be construed strictly and the prescribed procedure must be followed strictly"); and Roshelli v. Sperry, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982) (service invalid if not issued and served in the manner prescribed by statute, even where the defendant had actual notice). Accordingly, since Plaintiff has failed to properly serve Defendant NCDOC as required by State law and incorporated by Fed. R. Civ. P. 4(j), Defendant NCDOC's Motion to Dismiss for Insufficient Process and Service of Process should be granted.

Concerning Defendant Edwards' Motion to Dismiss, the undersigned is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

Taking the limited allegations of the pro se Complaint as true and construing every possible

3

inference therefrom in Plaintiff's favor, his Title VII claims against the individual Defendant should be dismissed. The Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Accordingly, because Defendant Edwards is not a properly named defendant as a matter of law, Plaintiff's Title VII claims against him should be dismissed.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Defendant Department of Correction's Motion to Dismiss for Insufficient Process and Service of Process" (document #12) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** as to that Defendant.

2. "Defendant Donnie Edwards' Motion to Dismiss" (document #13) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE** as to that Defendant.

**NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff (Philip T. Boney, 13324 Arbor Trace Drive, Apartment #302, Charlotte, NC 28273); to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: January 14, 2011

David S. Cayer
United States Magistrate Judge