# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv392-RJC-DSC

| | |
|---|---|
| PHILLIP T. BONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF CORRECTIONS; and )<br>DONNIE EDWARD, Captain at the )<br>Lanesboro Correctional Institution, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on motions to dismiss filed by defendants North Carolina Department of Corrections (Doc. No. 12) and Donnie Edward (Doc. No. 13).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not

required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

**III.    DISCUSSION**

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties received a copy of the M&R informing them of the 14-day objection deadline. (Doc. No. 17 at 5). Although the pro se plaintiff mailed what he entitled "Objection to Memorandum and Recommendations" prior to the deadline, that filing merely states that the plaintiff objects to the M&R "in its entirety." (Doc. No. 19 at 1). The plaintiff only requests "that the magistrate's recommendations not be followed and my case not be dismissed," without pointing to any specific error in the Magistrate Judge's reasoning or findings. (Id.).

De novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Neither the plaintiff nor the defendant filed any specific objections, so this Court reviews the M&R for clear error. After a careful review of the record in this case, this Court finds that the Magistrate Judge's recommendation is consistent with and supported by the law. Thus, the M&R is hereby adopted as the final decision of this Court for all purposes in this case.

## IV. CONCLUSION

1. "Defendant Department of Corrections's Motion to Dismiss for Insufficient Process and Service of Process" (Doc. No. 12) is **GRANTED**, and the plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to that defendant; and

2. "Defendant Donnie Edwards' Motion to Dismiss" (Doc. No. 13) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** as to that defendant.

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge